Robertson, Ch. J.
The Revised Statutes permit an enforcement of the production of books, papers and documents in the possession of an adverse party relating to the merits of a suit or a defense therein, (2 R. S. 199, § 21,) but the court is to be governed by the principles and practice of the court of chancery in prescribing the cases and proceedings for such discovery. (Id. § 22.) The Code extends this to books, papers and documents containing evidence relating to such merits and defense. It is held in the case of Hoyt v. American Exchange Bank, (1 Duer, 652,) that enough must be stated to justify the presumption that entries relating to a specified subject matter, tending to prove some claim or defense, exist. The documents required should be specifically stated, (Jackling v. Edmonds, 3 E. D. Smith, 539,) in order that the court may judge whether they are evidence. The affidavit of the party or his counsel to that effect is not sufficient. (Pegram v. Carson, 18 How. 519.) In this case the petition does not state what the entries are, but merely generally that such books, documents and entries contain entries of purchases and sales of gold not entered in the account rendered to the plaintiff, and that the plaintiff will be able to prove from the insertion or omission of entries showing purchases and sales'of gold by the plaintiff on his own behalf and on *607 behalf of others, and the comparison of such entries, that the plaintiff did not buy and sell the gold in question for the defendant. This is not sufficient under either the Revised. Statutes or the Code. If it were, it is met by an equally general denial of the existence of such entries. (Hoyt v. American Exchange Bank, ubi supra.) The defendant is not entirely remediless, as he may still subpoena the plaintiff to produce such books.
The motion is denied, with $7 costs.